IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOHN E. LINK and FILI-MELE RODRIGUEZ-CARDONA, in representation of their minor daughter YMA-ALIS LINK-RODRIGUEZ and on their own behalf<br><br>Plaintiffs<br><br>vs<br><br>DEPARTMENT OF EDUCATION OF THE COMMONWEALTH OF PUERTO RICO; CARLOS CHARDON, Secretary of the Department of Education of the Commonwealth of Puerto Rico; DEPUTY SECRETARIAT FOR INTEGRATED EDUCATIONAL SERVICES FOR HANDICAPPED PERSONS of the Department of Education of the Commonwealth of Puerto Rico; GLORIMAR ANDUJAR, Deputy Secretary<br><br>Defendants | CIVIL 09-1917CCC |

**OPINION AND ORDER**

The action before us is for reimbursement of expenses and costs incurred by the plaintiffs for special education and related services and equipment for their daughter, Yma-Alys Link Rodríguez, pursuant to the Individuals with Disabilities Education Improvement Act (IDEIA), 20 U.S.C. § 1400 et seq.[1][2]  Plaintiffs aver in the complaint that:

> [their daughter] is a student with cerebral palsy (R/O) condition that has affecter her gross fine motor, visual-motor and perceptual skills development ever since her birth. She evidences an extremely low level of cognoscitive development when she is compared with her peers. She has the condition of

---

[1]In 2004, Congress re-authorized the Individuals with Disabilities Education Act ("IDEA") as the IDEIA. See Pub. L. No. 108-446, 118 Stat. 2647 (Dec. 3, 2004). Therefore, statutory references will be made to the IDEIA, except when quoted as the IDEA in quoted citations.

[2]Plaintiffs also invoked the Rehabilitation Act of 1973, Title II of the Americans with Disabilities Act. Plaintiffs voluntarily dismissed their claims for moral damages under federal law with prejudice and their claims under Puerto Rico law without prejudice. See docket entry 56.

CIVIL 09-1917CCC                                    2

> astigmatism, due to which she needs to use glasses. Her motor skills functioning in the superior part of her body is hypotonic and hypertonic in the lower part, which affects her mobility and everything that is related to both fine and gross motor skills, including writing.

Complaint, at ¶4.2.

Defendants filed a Combined Motion for Summary Judgment (**docket entry 42**) and a Statement of Uncontested Facts (docket entry 43), which were opposed by plaintiffs (docket entry 50).   Plaintiffs also filed a Motion Submitting Evidence in Support of Outstanding Claims (**docket entry 60**).  Defendants then filed a Supplemental Motion for Summary Judgment (**docket entry 64**), accompanied by a Supplemental Statement of Uncontested Facts (docket entry 65), to which plaintiffs filed a reply (docket entry 76), accompanying it with a Supplemental Counter-statement of Material Facts (docket entry 77). Plaintiffs also filed a Motion Submitting Evidence in Support of Outstanding Claims (**docket entry 60**).

## I.    SUMMARY JUDGMENT STANDARD

Summary Judgment "is proper if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is entitled to a judgment as a matter of law." Rule 56 of the Federal Rules of Civil Procedure; Eileen McCarthy v. Northwest, 56 F.3d 313 (1st Cir. 1995).  The nonmoving party must establish the existence of at least one factual issue that is both genuine and material to defeat a properly supported motion.  Brennan v. Hendrigan, 888 F.2d 129 (1st Cir. 1989).

The role of a Motion for Summary Judgment is to "pierce the boilerplate of the pleadings and assay the parties proof in order to determine whether trial is actually required." Wynne v. Tufts University, 976 F.2d 791, 794 (1st Cir. 1999).

Although a Court analyzing a summary judgment motion must look at the record in the light most favorable to the non-moving party, the Court may not rely merely on unsubstantiated allegations.  Rather, the non-moving party may only overcome a summary

CIVIL 09-1917CCC                                3

judgment motion upon presentation of proof sufficient to raise a genuine issue of material fact.  See Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988); Cruz v. Crowley Towing, 807 F.2d 1084 (1st Cir. 1986).  Said another way, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion [. . .]." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

II.      FACTUAL ALLEGATIONS

        The facts of the case, as it now comes before us, go beyond the allegations in the complaint. Plaintiffs filed this action alleging that defendants' had failed to provide their daughter with an Individualized Educational Plan (IEP), educational resources and support to which she is entitled under the federal statutes. According to ¶5.6 of the complaint, Yma-Alys was registered,  at the age of two years eight months, with the Department of Education's Deputy Secretariat for Integrated Educational Services for Handicapped Persons – San Juan II District, on March 28, 2000. Notwithstanding plaintiffs' advanced planning, the alleged lack of adequate action and the alternatives proposed by defendant sent the parents searching for suitable interim education for their daughter. Plaintiffs aver in ¶¶5.13-5.24 that from the academic year 2002-2003 through 2008-2009, they took it upon themselves to place Yma-Alyse in appropriate programs and to obtain the necessary therapies, while at the same time trying to set up the necessary evaluations and get the Department of Education to work with them on an IEP for their child.

        They contend that after repeated failures to obtain services for their daughter as required by law, on September 11, 2007 they filed a written complaint against the Department of Education with the San Juan II District. Almost six months later the IEP meeting was finally held and an IEP was drafted for Yma-Alys for the school year 2007-2008. (¶5.33). Not satisfied with the speed and manner in which the administrative proceedings were progressing, plaintiffs filed this lawsuit in September, 2009 to obtain the

CIVIL 09-1917CCC                                         4

educational accommodations,  various therapies and orthopedic and technical equipment

to which their daughter is entitled under the statute, reimbursement for the educational and

related expenses they have incurred, as well as moral damages for all three of them, and

attorney fees.

Defendants, in their Motion for Summary Judgment (**docket entry 42**), note that

"Plaintiffs inform[ed] that on December 31, 2009 Administrative Law Judge (ALJ) Amelia M.

Cintrón-Velázquez issued a Resolution in Plaintiffs' favor and solved all of the issues that

had been the subject of the Motion for a Temporary Restraining Order which had been filed

in this case." See docket entry 39, ¶ 2.  Defendants also argue that plaintiffs' claims for

monetary damages do not qualify for injunctive relief and that their claims under the IDEIA

are not ripe because they have failed to exhaust administrative remedies which would not

have been futile or in the alternative, are moot in light of the relief granted in the

administrative proceedings. Defendants also raise as defenses the statute of limitations,

Eleventh Amendment Immunity, qualified immunity and unavailability of the requested

remedies.

At ¶¶2 and 3 of their opposition (docket entry 56), plaintiffs state:

> While Plaintiffs concede that the agreements the parties reached on the
> eve of the preliminary injunction hearing that was scheduled shortly after filing
> of the instant action and that the subsequent December 31, 2009 Resolution
> by the Administrative Law Judge did solve most of the equitable claims that
> were asserted by Plaintiffs in this case, there are still two (2) major
> reimbursement issue still pending, to wit: (a) the monies spent by Plaintiffs
> from 2005 until 2009 to defray the costs of their daughter's education when
> she attended Centro Subiry in Guaynabo and (b) the transportation costs to
> travel to various therapies during that same time period. There is also a
> balance owed to Plaintiffs for the other expenses that were reimbursed to
> them by way of the check issued on March 26, 2010.
>
> Additionally, the issue regarding the WalkAides is pending as well.
> Although the Administrative Law Judge ordered the Department of Education
> to purchase them, they have not yet bee provided inasmuch as they were
> ordered from an untrained and unauthorized supplier.

CIVIL 09-1917CCC                               5

(Citations to Counter-statement of Material Facts omitted). Plaintiffs also argued that it is futile to require them to exhaust administrative remedies on the remaining issues.

In their Supplemental Motion for Summary Judgment (**docket entry 64**), defendants argue that the remaining claims– reimbursement for the school and related educational expenses from 2005-2006 onward, molded ankle/foot orthotics ("MAFOs") for 2010, visual therapies and related transportation expenses – should be dismissed because they were not part of plaintiffs' 2007 administrative complaint, and, therefore, because plaintiffs have not exhausted their administrative remedies on these issues, this court has no jurisdiction to act over these issues.  Movants also bring to the table the fact that Rodríguez unilaterally rejected the purchase of "WalkAides" ordered by Department of Education pursuant to the Resolution, and instead wants the purchase made through another company, Ace Movimiento, Inc., (see docket entry 43-7) of which Rodríguez is the President and staff prosthetist and orthotist and by which Link is also employed[5].

## III.   ANALYSIS

It is undisputed that the following are the only issues that remain in this case :

### A.   Jurisdictional Issue

Whether this court has jurisdiction to act on the issues stated below because they were not part of plaintiffs' 2007 administrative complaint, and therefore, plaintiffs have not exhausted their administrative remedies.

### B.   Reimbursement Issues

Whether pursuant to the IDEIA plaintiffs should be reimbursed for the school and related educational expenses from 2005-2006 onward, MAFOs for 2010, visual therapies and related transportation expenses incurred for Yma-Alys in 2008.

---

[5]See Rodríguez' and Link's Statements under Penalty of Perjury, docket entries 75-2 and 75-4, respectively.

CIVIL 09-1917CCC                    6

    **C.**   **WalkAides Issue**

Whether this Court should enforce the purchase of "WalkAides" pursuant to the ALJ's Resolution, in light of the fact plaintiff Rodríguez, president of Ace Movimiento, Inc., which sells this product, unilaterally kiboshed its purchase, which had been ordered by Department of Education through a different dealer, Or-Pro Medical.

    **D.**   **Plaintiffs' Claim for Attorney's Fees**

**IV.**   **JURISDICTION/EXHAUSTION OF ADMINISTRATIVE REMEDIES**

IDEIA gives the parents of a disabled child the right to an impartial due process hearing conducted by the local educational authority, if they are dissatisfied with "any matter relating to the identification, evaluation, or educational placement of their child" or feels her child is not receiving a Free Appropriate Public Education (FAPE).   20 U.S.C. § 1415(b)(6)(f)(1).  Any aggrieved party can appeal the findings and decision of the hearing officer to the state educational agency.  Id., § 415(g).  If the parents remain dissatisfied, they can bring a civil action in federal district court.  Id., § 1415(i)(2).

The  Court of Appeals for the First Circuit has noted that:

> IDEA requires that a plaintiff raise or exhaust claims concerning a disabled child's "educational situation" in the due process hearing. Plaintiff can circumvent the exhaustion requirement if she "can show that the agency's adoption of an unlawful general policy or practice would make resort to the agency futile, or that the administrative remedies afforded by subchapter II of IDEA are inadequate given the relief fought."

Rafferty v. Cranston Public School Committee, 315 F.3d 21, 25 (1st Cir. 2002) (citations omitted).  That is, absent some exception, plaintiffs' remaining claims are subject to the IDEIA exhaustion requirement. To the two exceptions identified above, (1) the agency's adoption of an unlawful general policy that would make resort to the agency futile and (2) the administrative remedies afforded by the process are inadequate given the relief sought, the First Circuit  identified another exceptions:  where the agency has prevented the litigant

CIVIL 09-1917CCC                              7

from pursuing the administrative process.   See Pihl v. Massachusetts Dep't of Educ.,
9 F.3d 184, 190-91 (1st Cir. 1993).

        In addition to the exception for futility, courts may also exercise discretion if
exhaustion "will not only waste resources but also work severe harm upon a litigant." Rose
v. Yeaw, 214 F.3d 206, 211 (1st Cir. 2000) citing Ezratty v. Commonwealth of Puerto Rico,
648 F.2d 770, 774 (1st Cir. 1981), or when "an emergency situation exists (e.g. the failure
to take immediate action will adversely affect a child's mental or physical health)." Id., citing
Komninos v. Upper Saddle River Bd. of Educ., 13 F.3d 775, 778 (3d Cir. 1994).

        In discussing the administrative exhaustion requirement in a case brought under the
IDEA's predecessor statute, the Education for All Handicapped Children's Act (EHA),
20 U.S.C. § 1415, the First Circuit stated in Christopher W. v. Portsmouth School
Committee, 877 F.2d 1089 (1989):

>         Thus the language of the EHA indicates that the administrative
> procedures outlined in the statute are to be pursued **prior** to recourse to the
> district courts. The exhaustion of administrative remedies has long been held
> to mean that no one is entitled to judicial relief for a supposed or threatened
> injury until the prescribed administrative remedy has been exhausted. This
> enables the agency to develop a factual record, to apply its expertise to the
> problem, to exercise its discretion, and to correct its own mistakes, and is
> credited with promoting accuracy, efficiency, agency autonomy and judicial
> economy.

Id., at 1093-94 (emphasis in original)(citations omitted).   After analyzing the facts of
Christopher W.'s case and finding that it did not fit any of the exceptions to exhaustion
requirement, the First Circuit affirmed the district court's determination of lack of jurisdiction
to reach the merits of the case, stating: "We conclude that under the facts of this case, the
plaintiff has resorted to an end-run of the administrative process established by the EHA
without any legally cognizable justification." Id., at 1099.

        What is clear from Christopher W. and other cases under the IDEA, IDEIA, and EHA,
is that the burden of demonstrating that the action fits into one of the exceptions to the

CIVIL 09-1917CCC                                    8

doctrine of administrative exhaustion lies with the party seek to avoid the administrative

proceedings, which, in this case, is the plaintiffs.  Our first task is to review the issues

resolved by the ALJ regarding reimbursements and purchase of equipment. As noted in her

Resolution:

> The student was registered on March 28, 2000. It was not until 2008 that the [Placement and Programming Committee(COMPU, by its Spanish acronym)] met, drafted the initial IEP, discussed evaluations and offered placement options and endorsed the need for [Molded Ankle-Foot Orthotics (MAFOs)] for the student.

> In October 2009 the Department of Education agreed to reimburse the student's educational and related services at IMEI, a private institution and to purchase the services of the current 2009-2010 school year.

> **Given the Department of Education's inaction, the parents responsibly made sure their daughter's needs were met and provided her with the assistance she needed for her education**. In the matter before our consideration, this assistance consisted specifically in purchasing and acquiring MAFO's for their daughter's mobility. Such assistive technology device allows the student to improve, maintain and increase her functional capability and, in turn, fosters her integration into regular classrooms with peers without disabilities and allows her to benefit from general education.

English translation, docket entry 49-3, at 6 (our emphasis).

Besides directives related to directly meeting Yma-Alys' educational needs, the ALJ

provide for the following remedies:

> In view of the documentary evidence submitted, we hereby GRANT the petitioner's request for reimbursement of expenses incurred in purchasing and acquiring the MAFOs retroactively to the two years preceding the filing of the Complaint.

> With respect to the Walk Aides and pursuant to Dr. Jose A. Collazo Bonilla's recommendation, they are part of the devices necessary for the student's mobility. Therefore, the Department of Education must provide them to the student as part of her assistive technology equipment.

Id., at 6-7.

The ALJ did not address the issue of reimbursement for the 2010 MAFOS, which, of

course, could not have been an issue before her, or the visual therapies, transportation

expenses, which, apparently, were not raised as amendments when the expenses were incurred, or the Subiry school expenses, which were incurred before the administrative complaint was filed and continued during the process. As we mentioned above, the Department of Education was in the process of complying with the ALJ's order to provide the WalkAides for Yma-Alys when her parents intervened to stop the purchase. We therefore turn to plaintiffs' motions to determine whether they have demonstrated that the issues before us fit within the parameters of one of the exceptions to exhaustion of administrative remedies.

In plaintiffs' opposition, (docket entry 54),  to the summary judgment motion, their additional uncontested facts mention "modified and expanded . . . remedies originally requested given the new circumstances that arose throughout the years after its filing." (Id., II.b) and the claim for all the remaining remedies requested in this lawsuit, stating, "As of March 16, 2009, the remedies requested by Plaintiffs in said administrative proceeding were the following:" Id., a II.c. The citations supporting these contentions are not made to documents filed in the administrative proceedings, however. **They merely cite their own allegations in the complaint**.

Plaintiffs' formal September 11, 2007 administrative complaint addressed to Superintendent María Toste (see Defendant's Ex. 2, translation at docket entry 49-2), mentions that Yma-Alys had been enrolled in the Subiry Center since the 2003-2004 school year. With regard to payment and reimbursement, the only items requested in that complaint, are the following, at page 4:

> 4.    That the Department of Education be ordered to pay any subsequent costs related to the use of MAFOs, as recommended by the orthopedist.

> 5.    That if the Department of Education is unable to place the complainant in a public school to receive free and appropriate education in accordance with her needs, the respondent be ordered to purchase private educational services at public cost.

CIVIL 09-1917CCC                              10

6.    That the Department of Education be ordered to reimburse to the complainant the following amounts:

   a)    $1,100.00 for the first set of MAFOs purchased on January 4, 2006

   b)    $1,100.00 for the second pair of MAFOs purchased on August 14, 2006

   c)    $1,100.00 for the pair of MAFOs purchased on April 4, 2007

(Invoice numbers omitted).[6]

Plaintiffs did not request reimbursement for the school tuition and books at Subiry, nor provide any invoices or other receipts for these items. The issue of the Walk Aides, which was not in that complaint, was apparently raised at a later date because it was discussed and ordered, by the ALJ. The parties stipulations, approved and ordered in the Resolution, call for the Department of Education "to reimburse the student's educational and related services at IMEI, a private institution, and to purchase the services of the current 2009-2010 school year." ALJ's Resolution, docket entry 49-3, at 6. There is no mention of reimbursement for Subiry Center expenses.

Plaintiffs, in their opposition to defendant's supplemental motion (docket entry 56) at page 2, contend that there are "still two major reimbursement issues still pending" the "Subiry Center costs from 2005 through 2009 and "transportation costs to travel to various therapies during the same time period."   These issues are not pending from the administrative proceedings, however, because, although alluded to in a document, they were never claimed there.[7]   Nor was their reimbursement claimed from the Department of

_____

[6]The MAFOS were supplied by the parents' business.

[7]They are mentioned in passing in plaintiffs' Exhibit 4 a March 16, 2009 administrative case document: "Rejoinder to the Opposition by Respondent to Complainant's Motion and Opposition by Complainant to the Request for Closing and Dismissal of the Complaint," to the opposition to defendants' supplemental motion. See docket entry 70-5, at pp. 7-8.  No specific amounts allegedly owed are mentioned. The ALJ certainly didn't treat them as a claim and if plaintiffs meant them to be such, they should have brought it to her attention.

CIVIL 09-1917CCC                    11

Education in the February 3, 2010 letter to Mrs. Marta Colon, Director of the Unit for

Follow-up to Complaints. As to the only pending issue, a small balance between what

plaintiffs  requested in that letter and what was actually reimbursed, we are not told what

item was not paid and what reason was given, or if plaintiffs even bothered to inquire before

claiming it here. If Yma-Alys does not have the WalkAides yet, it is because Yma-Alys'

parents interfered[8] with the order placed by the Department of Education and the parents

themselves have not provided the equipment for her.

In plaintiffs" response (docket entry 76) to defendant's supplemental motions (docket

entries 64 and 65), the present a very limited discussion, at page 4, of why they should not

be required to exhaust administrative remedies as to the remaining matters:

> 2.5.    Plaintiffs posit that, had they waited any longer before seeking
> judicial redress, their daughter would have suffered a most serious harm in
> that she would not have been able to keep studying. There lies the futility of
> the administrative process in this case.

> 2.6.    As the First Circuit Court of Appeals admonished in *Ezratty v.
> Com. of Puerto Rico*, 648 F.2d 770, 774 (1st Cir. 1981), exhaustion will not be

---

[8]Docket entry 65-4, defendants' opposition to plaintiffs' motion (docket entry ____) is a copy of a response to John Link's complaint to the American Board for Certification in Orthotics, Prosthetics &Pedothics, Inc's Professional Discipline Committee against Bignigno Garcia and Or-Pro Medical, the Board of Education's chosen provider.  Link's complaint was soundly rejected by the Committee, which stated:

> Walk Aide types of functional electrical stimulation devices . . . are included in the scope of an ABC certified orthotist, **Mr. Garcia is a certified prosthetist and orthotist**. Therefore, Mr. Garcia acted within his scope of practice. The fact that Walk Aide may have its own protocols regarding training doesn't change the fact that **Mr. Garcia acted within his ABC scope of practice**. We are unaware of any FDA or other Federal regulation that prohibits the provision of a Walk Aide type device without completion of a manufacturers training course. We contacted Walk Aide and asked if they knew of any FDA regulation that required individuals who provided their devise to possess specific education or training from the manufacturer. Their answer was that they knew of no such requirement and stated that **the only requirement** they knew of **was that there needed to be a prescription for the device**.

CIVIL 09-1917CCC                              12

required in those instances where the administrative process will "work severe harm upon a litigant."

        2.7    That was the particular situation in the case at bar and that is why exhaustion could not have been required.

Plaintiffs have not analyzed or discussed the exceptions to the administrative exhaustion requirement to any of their remaining issues. They imply that the fact that it took them so many years to get results is reason enough not to be required to go through the administrative process. We must remind them, however, that it was **they** who chose to wait seven years before filing their administrative complaint, against the Department of Education.   The ALJ recognized and granted to plaintiffs all of the benefits that they requested and to which Yma-Alys was entitled, including four MAFOs that they provided for their daughter. Plaintiffs cannot claim that the due process proceeding was futile. What remains are primarily claims for reimbursement. There is no reason to believe that their claim school fees and materials or attorney fees allowable under the statute would not be ordered in the administrative sector. The only remaining threat of harm to the child may be that resulting from her parents' having interrupted the defendant's purchase of the WalkAide device for her, and not from any delays in with the Department of Education.  Link and Rodríguez may have provided the WalkAide device themselves, just as they provided the four MAFOs for which the ALJ ordered reimbursement.

In sum, we find plaintiffs have not demonstrated that their situation meets any of the exceptions to the requirement that they exhaust their administrative remedies under the IDEIA.

For the above stated reasons, the Combined Motion for Summary Judgment (**docket entry 42**) and Supplemental Motion for Summary Judgment (**docket entry 64**) are GRANTED. Plaintiffs" Motion Submitting Evidence in Support of Outstanding Claims

CIVIL 09-1917CCC                                      13

(**docket entry 60**) which requests that we order the payment of said claims is DENIED.  This

action is DISMISSED with prejudice for failure to exhaust administrative remedies.

     SO ORDERED.

     At San Juan, Puerto Rico, on September 27, 2011.


               S/CARMEN CONSUELO CEREZO
               United States District Judge